IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff/Appellee,

                              Case No. 3:07cr30/RV

    vs.

**LASHONDRA HINES,**

        Defendant/Appellant.

_____/

## ORDER

      Pending is the defendant/appellant's appeal of her misdemeanor conviction and sentence following a guilty plea in the magistrate court. The appellant has filed a brief in support of her appeal, the government has filed a brief in opposition, and the appellant has filed a reply brief.[1]

**I.    BACKGROUND**

      The appellant, Lashondra Hines, was charged by Information with one count of Theft of Government Property Less Than $1,000. Specifically, she was charged with stealing two bottles of perfume from an Army/Air Force Exchange in the Middle District of Georgia. The appellant is a college graduate and she received her

---

[1] The appellant was sentenced to six months incarceration following her guilty plea, and she has been incarcerated since February 27, 2007. She previously moved to expedite my consideration of this appeal "as the relief sought will be moot upon [the] expiration of her sentence." I denied the motion to expedite, but indicated that I would decide the case "promptly" once the briefs were filed. I have since reviewed the record in full, listened to the audio transcript of the plea hearing, read the briefs filed by the parties, and researched the issues being raised. In the interests of time and brevity, I will forego a lengthy recitation of the facts and procedural background of this case, and will discuss only that which is absolutely necessary to decide this appeal.

bachelor's degree in criminal justice/political science. On December 13, 2006, while appearing before the magistrate judge, she entered a plea of guilty as charged. The appellant was released pending sentencing --- which was scheduled for February 27, 2007 --- but she later had problems with supervision. On January 31, 2007, the magistrate court held a status conference to inquire about these problems. Following the conference, the appellant was continued on pretrial release, but there were added supervision and drug testing conditions. She later tested positive for cocaine on two separate occasions while on release, one of which occurred the very morning that she was scheduled for sentencing. However, she has denied any drug use, instead speculating, *inter alia*, that the positive tests may have been the result of her having sexual intercourse with someone who had used cocaine.

Eventually, the appellant was sentenced at the top of the applicable guideline range (6 months incarceration and a $25 special monetary assessment). The magistrate judge denied any reduction in sentence for acceptance of responsibility, if for no other reason than the appellant's failure of two drug tests while she was on release. This appeal followed, in which the appellant has argued that: (i) the magistrate judge did not advise her of the right to enter her guilty plea before the district court; (ii) the magistrate did not allow her to allocute before imposing the top-of-the-range sentence; and (iii) the magistrate failed in other respects to comply with Rule 11 of the Federal Rules of Criminal Procedure during the plea colloquy. The appellant did not raise an objection to her sentence on these or any other grounds while in the magistrate court.

## II.   STANDARD OF REVIEW

Because the appellant neither objected to the plea proceedings nor attempted to withdraw her guilty plea at the sentencing hearing, the parties agree that the three issues being raised on appeal must be reviewed for plain error. See United States v. Vonn, 535 U.S. 55, 58-59, 122 S. Ct. 1043, 152 L. Ed. 2d 90 (2002);

United States v. Woodard, 387 F.3d 1329, 1331 (11th Cir. 2004); United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003); United States v. Prouty, 303 F.3d 1249, 1251 (11th Cir. 2002).

To establish plain error, the appellant must show that there is (1) "error" (2) that is "plain" and (3) that "affects substantial rights." United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect(s) the fairness, integrity, or public reputation of judicial proceedings.'" Id. (*quoting* Johnson v. United States, 520 U.S. 461, 467, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997)). The Supreme Court of the United States has held that in order for a defendant to establish that his "substantial rights" were affected, the defendant must show "a reasonable probability that, but for the error, he would not have entered the plea" or that "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004) (citation omitted).

Under plain error review, the silent defendant has the burden to show that all the requirements to establish plain error have been met. Vonn, *supra*, 535 U.S. at 59. Furthermore, in the Rule 11 context, "a reviewing court may consult the whole record when considering the effect of any error on substantial rights." Id.

It is well established that there is no *per se* rule of reversal simply because a defendant has shown that a Rule 11 error occurred during the plea colloquy. Dominguez Benitez, *supra*, 542 U.S. at 74; Monroe, *supra*, 353 F.3d at 1354. Instead, under a plain error review, the court determines whether the plea colloquy addressed three core concerns: "(1) ensuring that the guilty plea is free from coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct

consequences of the guilty plea." Monroe, *supra*, 353 F.3d at 1354. Generally, a reviewing court will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the three core concerns. United States v. Hernandez-Fraire, 208 F.3d 945, 950 (11th Cir. 2000). Thus, a court need not "read the specified items in *haec verba* . . . Instead, in Rule 11 proceedings, matters of substance, not form, are controlling." Monroe, *supra*, 353 F.3d at 1351.

Moreover, the Eleventh Circuit has indicated that the plea colloquy would have to totally or almost totally fail to address one of these concerns before a Rule 11 error will be found to have substantially affected or prejudiced the defendant. Id. at 1355. One of the underlying concerns for the heavy burden placed on a silent defendant is the realization that a defendant

> could choose to say nothing about a judge's lapse under Rule 11 until the moment of taking a direct appeal, at which time [absent plain error review] the burden would always fall on the Government to prove harmlessness. A defendant could simply relax and wait to see if the sentence later struck him as satisfactory; if not, his Rule 11 silence would have left him with clear but uncorrected Rule 11 error to place on the Government's shoulders.

Vonn, *supra*, 535 U.S. at 73.

With the foregoing standard of review in mind, I turn to the three grounds raised in this appeal.

## III.   DISCUSSION

### A.   Whether the Appellant Knowingly Consented to Proceed Before the Magistrate Judge

It is undisputed that the magistrate judge had statutory and constitutional authority to accept the plea and impose sentence if the appellant consented to her doing so. The only question is whether the appellant *knowingly* gave consent. She thus argues that "[b]ecause the magistrate court here failed, before proceeding with the plea, to advise Ms. Hines of the right to enter her plea before the district court instead of a magistrate court, and instead just asked her mid-plea if she

waived that right, Ms. Hines' plea, conviction, and sentence should be set aside."

I have reviewed the written transcript, and listened to the audio transcript, and have no difficulty concluding that the appellant was adequately advised of her rights with respect to magistrate court jurisdiction. First, the appellant was present in the courtroom throughout the plea hearing in another case that took place *immediately* before hers. During this earlier plea hearing, the magistrate judge told "everyone in the courtroom to please pay close attention to" that plea colloquy so that the court "would not need to go through everything again and we can save a little time." The magistrate judge told the earlier defendant, Kellyn Markus, that "you have the right to have your case heard and disposed of by a district court judge," and Ms. Markus then waived that right. During the plea colloquy at issue, the appellant was specifically asked:

> THE COURT: . . . Ma'am, were you here earlier this morning when I took the plea from Ms. Marcus?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did you listen carefully as I went through the rights that she was entitled to?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: You have the exact same rights . . .

The magistrate judge then asked the appellant (albeit "mid-plea") if she "consent[ed] to magistrate court jurisdiction over your case," and both the appellant and her experienced attorney answered in the affirmative after they conferred. Thereafter, the appellant was asked if she had "any questions at all about the rights you have and the rights you're giving up," and she said "No."

In light of this record, it is obvious that the appellant --- who, again, is a college graduate and was represented by an experienced attorney at all times pertinent --- was advised of, and knowingly chose to waive, her right to have the

guilty plea accepted by the district court. The magistrate judge therefore did not commit error, let alone plain error.[2]

### B. Whether the Appellant was Improperly Denied the Right of Allocution Before the Sentence was Imposed

Relying entirely on Prouty, *supra*, 303 F.3d at 1249, the appellant next argues that the magistrate judge committed reversible plain error by not allowing her an opportunity to allocute. The government contends that this argument "borders on being specious" because the record clearly establishes that the magistrate judge "addressed the defendant personally and provided the defendant, her attorney and the prosecutor the opportunity to speak and to make any statement related to the sentence to be imposed."

Rule 32(i)(4)(A) of the Federal Rules of Criminal Procedure provides that before imposing sentence, the court must:

> (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;
> (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and
> (iii) provide the attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

In Prouty, *supra*, 303 F.3d at 1249, the Eleventh Circuit expressly held that a sentencing court's failure to comply with Rule 32(i)(4)(A) --- which was then Rule 32(c)(3)(C) --- is reversible plain error if the defendant does not receive the lowest sentence within the applicable guideline range. In other words, since the appellant here received a sentence at the top of the guideline range, Prouty will require

---

[2]I note without additional discussion that the cases on which the appellant relies for her argument --- namely, United States v. Desir, 257 F.3d 1233 (11th Cir. 2001) and United States v. Ruiz-Rodriguez, 277 F.3d 1281 (11th Cir. 2002) --- are easily distinguishable for the reasons indicated by the government.

*Case No. 3:07cr30/RV*

reversal *if* she was denied her right to allocute under Rule 32(i)(4)(A).

I find that the magistrate court adhered to both the letter and spirit of Rule 32(i)(4)(A) and thus did not violate Prouty. During sentencing, the magistrate judge spoke to the appellant's attorney and gave him an opportunity to speak on her behalf. The magistrate judge also addressed the Assistant United States Attorney and afforded him the chance to speak for the government. And most significantly, the magistrate asked the appellant if there was "anything [she] would like to say" personally, and there was. When the appellant finished speaking, the magistrate asked "anything further, ma'am," and the appellant continued speaking on her own behalf. When she finished the second time, the magistrate again asked her attorney if there were "any comments from you, sir," to which he replied: "No, Your Honor. I think everything has been said." There was no violation of Rule 32(i)(4)(A) as the appellant was given a full opportunity to allocute before being sentenced.[3]

### C. Whether the Magistrate Court Failed to Comply with Rule 11 of the Federal Rules of Criminal Procedure During the Plea Colloquy

For her final claim, the appellant argues that the magistrate court committed reversible plain error during her plea colloquy in failing to comply with Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 provides in relevant part:

---

[3]The appellant concedes that the magistrate invited and received personal comment during the sentencing hearing. But, she contends that those comments arose solely in the context of the magistrate deciding whether to award a reduction for acceptance of responsibility. The transcript belies this claim. At the time the appellant was asked to personally comment, the magistrate had already denied the acceptance of responsibility. Indeed, the magistrate judge announced her decision on the record, and then directed the appellant and her attorney to approach the podium. After they approached, counsel was able to confer with his client and "make a couple of comments on the record in regard to the court's findings." It was then, *after those comments*, that the magistrate twice gave the appellant the chance to speak on her behalf. I conclude, therefore, that the appellant was given an opportunity "to make a final plea on [her] own behalf to the sentencer before the imposition of sentence." Prouty, *supra*, 303 F.3d at 1251.

*Case No. 3:07cr30/RV*

. . . Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel --- and if necessary have the court appoint counsel --- at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

>    (M) the court's obligation to apply the Sentencing
>    Guidelines, and the court's discretion to depart from
>    those guidelines under some circumstances; and
>
>    (N) the terms of any plea-agreement provision waiving
>    the right to appeal or to collaterally attack the sentence.
>
>    (2) Ensuring That a Plea Is Voluntary. Before accepting a
>    plea of guilty or nolo contendere, the court must address
>    the defendant personally in open court and determine that
>    the plea is voluntary and did not result from force,
>    threats, or promises (other than promises in a plea
>    agreement).

As previously noted, the sentencing court need not "read the specified items in *haec verba* . . . Instead, in Rule 11 proceedings, matter of substance, not form, are controlling." Monroe, *supra*, 353 F.3d at 1351.

The appellant claims that the magistrate court violated Rule 11 because it (i) did not inform her of the consequences of her guilty plea, and (ii) failed to adequately inquire as to whether she was under the influence of any prescription or illegal drugs at the time of the entry of that plea.

As for the first claim, I find that the appellant was fully advised of her trial rights and of the consequences of her guilty plea. Prior to being called for her plea, the appellant was present for (and told to "pay close attention to") the plea hearing in the Kellyn Markus case. Ms. Markus was advised during her lengthy plea colloquy, *inter alia*, that she could consult with her attorney at any time during the proceedings and that she would be giving up certain rights by pleading guilty (*i.e.*, her right to a jury trial, right to subpoena and cross examine witnesses, right to testify and present a defense, right to appeal the determination of her guilt). The appellant later told the magistrate judge that she heard all those rights discussed and she understood that she had, and was waiving, the "exact same rights." She was also twice told of the possible punishment that she was facing (which included

"a maximum possible punishment of up to one year in prison"), and she was advised of the facts that the government was prepared to establish should the case go to trial. She also readily admitted that she stole the two bottles of perfume as charged. Given this exchange, coupled with her educational background and the assistance of her experienced federal attorney, she was adequately advised and knew of the consequences of her guilty plea.

The appellant next argues that reversal is appropriate because the magistrate did not specifically inquire as to whether she was under the influence of any drugs at the time of her guilty plea. This argument stems from the fact that the magistrate judge did not directly ask the appellant if she had recently taken narcotics. Notably, however, the appellant does not argue or suggest in this appeal that she *was* under the influence of drugs at the time of her plea, nor does she contend that her plea was otherwise involuntary.[4] Rather, the thrust of her argument is that reversal is warranted merely because the magistrate judge did not technically comply with Rule 11 by asking the question before concluding that the appellant was competent to enter a plea. As the government correctly argues, however, no ritualistic inquiry is mandated or required to support a factual determination that an individual is able to enter into a guilty plea. In this case, the magistrate engaged in a dialogue with both the appellant and her attorney before accepting the guilty plea. The magistrate concluded that the appellant was "alert and intelligent, and that [she understood] the nature of the charges, the consequences of the plea, and the penalties that [she faced]." This conclusion is adequately supported by the transcript and record.

And, in any event, even if there was a technical violation of Rule 11, after consulting and reviewing the whole record, and keeping in mind the plain error

---

[4]Quite to the contrary, the appellant has always denied using drugs, even when she was later faced with two positive drug tests.

*Case No. 3:07cr30/RV*

standard of review and three core concerns discussed *supra*, the appellant has failed to carry her "heavy burden" of showing that the magistrate committed reversible error. Any error, to the extent there was one, was clearly not so severe as to "seriously affect" the fairness, integrity, or public reputation of the judicial proceedings. Lejarde-Rada, *supra*, 319 F.3d at 1290. There is no evidence or reason to believe that the appellant was coerced into pleading guilty, that she did not understand the nature of the charges against her, or that she was unaware of the consequences of her guilty plea. Monroe, *supra*, 353 F.3d at 1354. Rather, as the government has properly noted, this appeal arises from the simple fact that the appellant is unhappy (and, in her own words, "shocked") with the sentence imposed by the magistrate judge.

## IV.     CONCLUSION

For the foregoing reasons, the appellant's plea, conviction, and sentence is AFFIRMED.

DONE AND ORDERED this 22nd day of May, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**